

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   CIVIL CASE No:

SHAKIM ALLEN

      Plaintiff,

**COMPLAINT IN CIVIL CASE**

   -against-
**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, POLICE OFFICER DANIEL
CRONEMYER, SHIELD NO: 944042, POLICE OFFICER
PAUL GRUP, SHIELD NO: 934970 and JOHN DOES 1-4

      Defendants.

------------------------------------------------------------------ X

Plaintiff, SHAKIM ALLEN, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

I.    **INTRODUCTION**

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of

Shakim Allen.  The plaintiff contends that the defendants have subjected the Plaintiff to

false arrest, false imprisonment and malicious abuse of process whereas he has been

seized, falsely imprisoned and defamed by the defendant's.  Defendants were acting

under the color of state law and pursuant to municipal customs, practices and policies

when they undertook the aforementioned acts against plaintiff.

II.    **JURISDICTION**

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th,

4th, 5th and 14th Amendments of the Constitution of the United States.  Venue is proper, as

the operative events occurred within this judicial district.

III.    **PARTIES**

3. Plaintiff, SHAKIM ALLEN is a resident of Queens County and sues on his own behalf.

4.     Defendant, The City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5.     Defendant Officer, Daniel Cronemyer, at all times was employed by the City of New York upon information and belief as a police officer. His actions must conform to the dictates of the Constitution of the United States. He is sued in his individual capacity for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

6.     Defendant Officer, Paul Grup, at all times was employed by the City of New York upon information and belief as a police officer. His actions must conform to the dictates of the Constitution of the United States. He is sued in his individual capacity for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

IV.          **FACTUAL AVERMENTS**

7. Defendants, all of whom were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiff's civil rights in the following ways:

a.     On March 26, 2011 at approximately 1:30 a.m. the plaintiff was travelling in a public minivan used to transport the public on specified routes for payment that are operated by private operators commonly known as " Dollar Vans." The van had roughly

nineteen persons on board inclusive of the driver. Whilst travelling on Merrick Avenue, Queens County, New York the minivan was pulled over by defendant Cronemyer and defendant John Does who were members of the New York Police Department. The defendants approached the vehicle with their guns drawn and instructed plaintiff and all the other passengers and driver to exit the vehicle. The defendants then indicated that a robbery had occurred and supposedly had the alleged robbery victim at the scene. The alleged robber had been accused of wearing a piece of red clothing as per the defendant's utterances at the scene. All of the passengers who exited the vehicle were subjected to a pat down by defendants. After being patted down the plaintiff alongside the other passengers were directed to sit on the street side curb. Additional officers responded to the scene and all of the occupants of the minibus were handcuffed and taken to the 113th precinct. Once at the precinct the plaintiff was questioned and then charged with violation of the New York Penal Law § 265.03 (1)(b) Criminal Possession of a Weapon in the Second Degree. Upon information and belief a firearm was found, in the public minibus in which the plaintiff had been traveling, after all the passengers had vacated the bus and the defendants searched said bus.

b. Plaintiff was held at the 113th precinct before being transported to the Queens County Central Booking. At approximately 5:30 A.M. on March 27, 2011 the plaintiff was released pre-arraignment as the Queens County District Attorney's office declined to prosecute plaintiff.

c. On April 7, 2011 at approximately 2:45 p.m. the plaintiff was walking on Jamaica Avenue in Queens County with four boys when defendant Grup and defendant John Does whilst in there marked police vehicle commanded the plaintiff and the other

boys to stop. The defendants alighted their vehicle and instructed the plaintiff and the other boys to place their hands on a wall. The plaintiff and his friends were then searched including the contents of their pants and jacket pockets. The plaintiff and one of the other boys were then told to kneel down. At which time they were arrested. The plaintiff immediately asked why he was being arrested to which the response was that he will find out at the precinct.

d.     When the plaintiff arrived at the precinct he was informed that he had allegedly been picked out for a robbery that had occurred roughly 15 minutes prior to plaintiff's contact with the police. The victim who had been robbed on a city bus that the plaintiff had been traveling had his sneakers stolen from him. After the robbery had occurred the plaintiff who had witnessed the robbery had approached the victim to ask him if he was okay.  In addition to being robbed the victim had been engaged in a physical altercation with the robbers.  When the plaintiff was arrested he had on his person $60.00, his school identification and his cell phone. The plaintiff was charged with violation of the New York Penal Law § 160.10 Robbery in the Second Degree The plaintiff was held at the 103rd precinct for a few hours and then transported to Queens County Central Booking where he spent a day to a day and a half before being told that the Queens County District attorney's office was declining to prosecute the charges.  The plaintiff was subsequently released pre-arraignment.

## FIRST CLAIM FOR RELIEF

8. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of using the arrest power against the citizenry when deemed necessary, despite the lack of probable cause, as a law enforcement tool.

9.  As a result of the defendants actions the plaintiff has developed a phobia towards all police officers and to date carries a deep-seated fear of all police officers.

10.  The conduct of defendants in falsely arresting, unlawfully imprisoning and maliciously prosecuting the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages as against the individual defendants.

11.  Solely as a result of these actions, plaintiff was:

a.  Suffered severe emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b.  Has suffered a loss of his liberty, and

c.  Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

12.  Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a.  To be free from false arrest;

b.  To be free from unlawful imprisonment;

c.  To be free from intentional infliction of great emotional distress;

d.  To be free from malicious prosecution; and

e.  To due process of law.

13.  All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.§§ 1983, 1988.

14.     As a result of the defendants conduct, plaintiff has suffered damage and injury.


## SECOND CLAIM FOR RELIEF

15.     Plaintiff repeats and reiterates each and every allegation contained in the

paragraphs of this complaint designated "l" through "13" inclusive with the same

force and effect as though each were fully set forth at length here.

16.     The defendants intentionally and for the purpose of causing severe physical and

mental distress conducted themselves towards the plaintiff in a manner so

outrageous and shocking that it exceeded all reasonable bounds of decency.

17.     The defendant recklessly conducted themselves towards the plaintiffs in a manner

so outrageous and shocking that it exceeded all reasonable bounds of decency.

## PRAYER

Plaintiff demands judgment against the defendants for:

1.  Compensatory damages in an amount that the trier of facts considers just and fair.

2.  Punitive and exemplary damages in an amount that the trier of the fact considers

    sufficient to punish and deter each defendant against whom, theses damages are

    awarded;

3.  Costs of suit;

4.  Reasonable attorney fees; and

5.  All other relief that is just and proper.



Dated: Brooklyn, New York
       February 26, 2014                        Respectfully Submitted

                                                Adrian A. Ellis, LLC

By:

Adrian A. Ellis, Esq. (5276)
26 Court Street, Suite 1600
Brooklyn, NY 11242
P (718) 596-1308
F (718) 596-8059